IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RIVERWOOD PRODUCE SALES, INC., ) | |
| ) | |
| Plaintiff, ) | CASE NO.   3:08cv36LAC/MD |
| ) | |
| v. ) | |
| ) | |
| EMERALD COAST FINEST PRODUCE ) | |
| OF MOBILE, LLC, EMERALD COAST ) | |
| FINEST PRODUCE CO., INC., PRESTON W. ) | |
| THOMPSON, CONNIE D. THOMPSON, ) | |
| and SHARON L. THOMPSON, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING TEMPORARY RESTRAINING
ORDER AND SETTING PRELIMINARY INJUNCTION HEARING**

This cause came before the Court on Plaintiff Riverwood Produce Sales, Inc.'s (also, "Riverwood" or "Plaintiff") Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. The Court, having considered the pleadings and record in this case, and for good cause shown, following a hearing, has determined that Plaintiff should be granted a Temporary Restraining Order as stated in this Order.

The Court finds that it has jurisdiction over the subject matter and the parties to this action. Further, the Court has balanced the four factors appropriate for consideration of a temporary restraining order. The Court finds that Plaintiff has shown a substantial likelihood of success on the merits and has shown irreparable injury. Plaintiff has also shown that the balance of harm weighs in Plaintiff's favor because the relief requested applies to assets held in trust for Plaintiff's benefit. The issuance of the Temporary Restraining Order will serve the public interest as set forth in the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c).

Therefore, **IT IS HEREBY ORDERED** as follows:

1. Defendants, Emerald Coast Finest Produce of Mobile, LLC ("Emerald-Mobile"), Emerald Coast Finest Produce Co., Inc. ("Emerald-Pensacola") (Emerald-Pensacola and Emerald-Mobile also, collectively, "Emerald"), Preston W. Thompson ("P. Thompson"), Connie D. Thompson ("C. Thompson") and Sharon L. Thompson ("S. Thompson") (Emerald, P. Thompson, C. Thompson, and S. Thompson also, collectively, "Defendants"), and their agents, servants, employees and attorneys, and all persons in active concert and participation with them, including their banking institutions, shall be and they are each:

    a. temporarily restrained from violating the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a et seq. and regulations promulgated thereunder; and

    b. temporarily restrained from in any way, directly or indirectly, absolutely or as security, in whole or in part, transferring, assigning, using in the ordinary course of business, or otherwise disposing of, Defendants' assets derived directly or indirectly from Emerald-Mobile's produce sales, and the following items generated in the course of Emerald-Mobile's business: any and all perishable agricultural commodities and products derived therefrom, any inventories of food or other products derived from perishable agricultural commodities, any receivables or proceeds derived from the sale of perishable agricultural commodities and products derived therefrom, any funds into which any or all of the aforesaid assets have been commingled, including, but not limited to, the contents of Emerald-Mobile's accounts at Regions Bank, including, without limitation, account number 1410582914, and all other assets of Emerald-Mobile to the extent of $127,064.70 plus interest at the applicable statutory rate of six percent (6%); and

    c.  ordered to provide an accounting to Plaintiff and the Court within ten (10) days, of the following items generated in the course of Emerald-Mobile's business: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities and any and all receivables or proceeds from the sale of such commodities and food or other products, in Defendants' or their agents' possession, custody or control, or in the possession, custody and/or control of entities controlled by Defendants, and otherwise to account for all assets of the PACA trust; and

    d.  ordered to provide an accounting to Plaintiff and the Court within ten (10) days of any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities and any and all receivables or proceeds from sale of such commodities and foods or other products, generated in the course of Emerald-Mobile's business and which in any way have been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security since the earlier of the inception of Emerald-Mobile's business or when no produce sellers to Emerald-Mobile were owed money on credit, with a description of the property involved, the recipient, the date and the purpose of the distribution; and

    e.  ordered to provide an accounting to Plaintiff and the Court, within ten (10) days of the date of this Order of all assets in Defendants' ownership, custody, possession and/or control, or in the possession, custody and/or control of entities controlled by Defendants, including the date of acquisition and whether or not such assets or any interest therein derived from the proceeds of Emerald-Mobile's produce sales and, if not, the source of such assets; and

    f. ordered to restore to the PACA trust any PACA trust assets derived directly or indirectly from Emerald-Mobile's operations and received or transferred by them on or after August 23, 2007, which are lawfully obtainable by them; and

    g. ordered to segregate and escrow all proceeds from produce sales and all PACA trust cash assets in a trust account to be designated "Emerald-Mobile PACA Trust Account" under Emerald-Mobile's taxpayer identification number with Plaintiff's counsel, Jeffrey M. Chebot, as escrow agent, depositing therein all assets of the PACA trust, no withdrawals to be made therefrom pending further order of this Court and immediately disclosing Emerald-Mobile's taxpayer identification number to the escrow agent for that purpose; and

    h. ordered to deliver to Plaintiff's counsel within ten (10) days, complete accounts of all receivables subject to those receivables being collected by Plaintiff's counsel, who shall have the right, but not the duty, to collect these receivables, or Defendants, who shall have the continuing duty under PACA to collect these receivables, and which receivables shall be deposited in the Emerald-Mobile PACA Trust Account.

  The grounds for this Order are as follows:

  1. Unless restrained by this Court, this property, which is held in trust for the benefit of Plaintiff as more particularly set forth in the Complaint and Declaration of Kevin Case in Support of Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction ("Case Declaration") filed in this case, is likely to be dissipated.

  2. Such dissipation will result in irreparable injury, loss and damage to Plaintiff.

3. The issuance of a temporary restraining order will prevent irreparable injury to Plaintiff in that dissipation of the property subject to the trust for the benefit of Plaintiff will deprive Plaintiff of the statutory trust created for its benefit and in its favor as set forth in the Complaint and Case Declaration.

4. The Court has further considered the pleadings and the record in this case in connection with its consideration of the need for and/or amount of bond in this matter.

The Court has, in particular, taken into consideration the provisions of PACA, 7 U.S.C. §499e(c), which, as stated therein, is intended to remedy a burden on commerce in perishable agricultural commodities "and to protect the public interest." Furthermore, property subject to the temporary restraining order is held in trust for the benefit of Emerald-Mobile's unpaid produce sellers, so that the Court does not upon the record find that Defendants might incur injury even if they were wrongfully enjoined. Finally, as security, Emerald-Mobile has taken possession of $127,064.70 of perishable agricultural commodities from Riverwood without payment and their proceeds and receivables, constituting a floating statutory trust res for Riverwood's benefit. Accordingly, the Court finds that this Order shall take effect upon its entry without the necessity of posting a bond.

5. This Order shall remain in full force and effect until such time as this Court specifically orders otherwise.

6. Defendants shall file and serve their response to Plaintiff's request for a Preliminary Injunction, by 4 February 2008. A hearing on Plaintiff's Motion for Preliminary Injunction shall be set at 9:30 a.m. on the 6th day of February, 2008.

7.	Plaintiff shall immediately serve Defendants, their agent(s), or their counsel with a copy of this Order and all relevant pleadings, and within twenty-four hours shall certify to the Court that they have done so.

Entered this 28th day of January, 2008, at 2:30 p.m..  **IT IS SO ORDERED.**

_s/L.A. Collier_
Lacey A. Collier
Senior United States District Judge
