IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RIVERWOOD PRODUCE SALES, INC., ) | |
| ) | |
| Plaintiff, ) | NO. 3:08cv 36/LAC/MD |
| v. ) | |
| ) | |
| EMERALD COAST FINEST PRODUCE ) | |
| OF MOBILE, LLC, EMERALD COAST ) | |
| FINEST PRODUCE CO., INC., PRESTON W. ) | |
| THOMPSON, CONNIE D. THOMPSON, ) | |
| and SHARON L. THOMPSON, ) | |
| ) | |
| Defendants. ) | |

### FINAL CONSENT JUDGMENT, PERMANENT INJUNCTION, STIPULATION AND ORDER

Plaintiff Riverwood Produce Sales, Inc. ("Riverwood"), by and through its attorneys, Whiteman, Bankes & Chebot, LLC, and Clark, Partington, Hart, Larry, Bond & Stackhouse, and defendants Emerald Coast Finest Produce of Mobile, LLC ("Emerald-Mobile"), Emerald Coast Finest Produce Co., Inc. ("Emerald-Pensacola"), Preston W. Thompson ("P. Thompson"), Connie D. Thompson ("C. Thompson"), and Sharon L. Thompson ("S. Thompson") (Emerald-Mobile, Emerald-Pensacola, P. Thompson, C. Thompson and S. Thompson also, collectively, "Defendants"), by and through their attorneys, Maples & Fontenot, LLP, consent, agree and stipulate to the entry of judgment as follows:

1. Judgment is entered in favor of Riverwood and against Defendants Emerald-Mobile, Emerald-Pensacola, P. Thompson, C. Thompson and S. Thompson, jointly, severally and individually in the principal amount of $127,064.70, plus $2,443.82 in pre-judgment interest at six percent (6%) per annum (the "Judgment") from the unpaid invoice due dates to the date of the entry of judgment.

2. The Judgment amount set forth in paragraph 1, above, including interest at 6% per annum is declared to be covered by the trust provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e, and for breach of each of the Defendants' duties as controlling persons for failure to maintain the PACA trust in the operations of a produce dealer for Riverwood's benefit.

3. Defendants, their agents, servants, employees, and attorneys and all persons in active concert and participation with them, including, but not limited to, their banking institutions, are each:

    a. permanently enjoined from violating the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. §499a, et seq. ("PACA") and regulations promulgated thereunder; and

    b. permanently enjoined from, in any way, directly or indirectly, in whole or in part, absolutely or as security, assigning, transferring, delivering, using in the ordinary course of business or otherwise disposing of or taking any actions with respect to Defendants' assets derived from their produce sales and the following items generated in the course of their business: any and all perishable agricultural commodities and products derived therefrom, and proceeds and receivables derived from such perishable agricultural commodities and their products, any funds into which any or all aforesaid assets have been commingled, including, but not limited to, the contents of their bank accounts, and all other assets of Defendants, to the extent of $127,064.70 plus pre-judgment interest at the rate of six percent (6%) per year in the amount of $2,443.82, and costs, as may be reduced by payments on the Judgment; and

    c. ordered to provide an accounting to Riverwood, within ten (10) days after the date of this Order, of the following items generated in the course of Defendants' business: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities and any and all receivables or proceeds from the sale of such

2

commodities and food or other products, in their possession, custody and/or control or in the possession, custody and/or control of entities controlled by Defendants, and otherwise to account for all assets of the PACA trust; and

  d. ordered to provide an accounting to Riverwood, within ten (10) days of the date of this Order of the following items generated in the course of Defendants' business: any and all perishable agricultural commodities, inventories of food or other products derived from such perishable agricultural commodities and any and all receivables or proceeds from the sale of such commodities and food or other products, which in any way have been distributed or disposed of, directly or indirectly, in whole or in part, absolutely or as security since the earlier of the inception of Defendants' business or when no produce sellers to Defendants were owed money on credit, with a description of the property involved, the recipient, the date and the purpose of the distribution; and

  e. ordered to provide an accounting to Riverwood, within ten (10) days of the date of this Order of all assets in Defendants' ownership, custody, possession and/or control valued over $100, or in the possession, custody and/or control of entities controlled by Defendants, including the date of acquisition and whether or not such assets or any interest therein derived from the proceeds of Defendants' produce sales and, if not, the source of such assets; and

  f. ordered to cooperate fully with Riverwood to restore to the PACA trust any PACA trust assets derived directly or indirectly from Defendants' produce operations and received or transferred by them on or after August 23, 2007, which are lawfully obtainable; and

  g. ordered to segregate and escrow all proceeds from produce sale in a trust account to be designated "Emerald-Mobile PACA Escrow Account" under Emerald-Mobile's taxpayer identification number, with Riverwood's counsel, Jeffrey M. Chebot, as escrow agent, who will deposit therein all cash assets of the PACA trust, which must be turned over immediately to the

escrow agent by Defendants, and all other PACA trust assets, to be liquidated and turned over to the escrow agent by Defendants as soon as possible, no withdrawals to be made therefrom pending further order of this Court. Defendants will turn over all produce sales proceeds to Mr. Chebot, who will open and manage the referenced account, subject to Court control; and

   h. ordered to deliver to Riverwood's counsel within ten (10) days, to the extent not previously turned over, complete records of all accounts payable and all accounts receivable of Defendants generated by their perishable agricultural commodities business, subject to those receivables being collected by Defendants, as a matter of duty, or plaintiff Riverwood, as a matter of right, but not duty, and deposited in the escrow account referenced in subparagraph 3.g., above, subject to any collections by the law firm of Maples & Fontenot, LLP, being subject to their normal contingency fees for collection in the amounts of 20% pre-litigation and 30% if litigation is undertaken; and

   i. to deliver to Riverwood's counsel within ten (10) days, to the extent not previously turned over, copies of all of Defendants' corporate and individual books and records, minute books, organizational documents, original and, as amended, bank statements, payment ledgers and journals, tax returns, accounts, payment records, and investment account records, from the inception of Emerald-Mobile's produce business.

  4. Riverwood will forbear from enforcing the Judgment and the injunctive relief set forth in paragraph 3, above, except for the provisions of subparagraph 3.a., and, with respect to PACA trust assets generated by sales occurring prior to the date of this Order, subparagraph 3.b., provided Defendants pay the full principal amount of the Judgment in two (2) monthly installments of $105,000.00, on or before February 12, 2008, and $22,064.70 on or before March 12, 2008, all payments to be made directly to Riverwood at its business address. All principal amounts may be

prepaid without penalty. Provided further, that the law firm of Maples & Fontenot, LLP, may continue to collect the accounts receivable of Emerald-Mobile, subject to their normal contingency fees described in subparagraph 3.h., above.

5. The parties' agreement to the payments set forth in paragraph 4, above, is without prejudice to and shall have no adverse effect upon Riverwood's standing as a PACA trust creditor as set forth in paragraph 2, above. It is not intended that the original credit terms between Riverwood and Defendants be modified by this stipulation since the parties have confirmed and Riverwood has enforced Defendants' obligations by this action and the Judgment.

6. All assets of Defendants derived directly or indirectly from produce sales of Emerald-Mobile are impressed with the PACA trust for Riverwood's benefit until the Judgment, or the principal payments set forth in paragraph 4, above, whichever occurs first, are paid in full.

7. If Defendants default in their obligations as set forth in paragraph 4, above, Riverwood shall provide Defendants and their counsel, if any, with written notice of the default via regular mail. If, after five (5) business days from the date of mailing of this notice, Defendants fail to cure the arrearage, Riverwood shall be entitled to enforce the Judgment against Defendants, plus accumulated interest, less any payments made to Riverwood, and shall be entitled to enforce the provisions for equitable relief set forth in paragraph 3, above.

8. Upon payment to Riverwood in the amounts set forth in paragraph 4, Riverwood will cause to be entered a satisfaction of the Judgment on the record and the permanent injunction will be dissolved by filed notice of Riverwood.

9. It is further agreed by the parties that the Defendants, jointly, severally, and individually hereby enter into a promissory note to pay Riverwood an additional $5,918, representing

the unpaid non-PACA portion of Riverwood's claim, without interest, within ninety (90) days of the entry of this Final Consent Judgment.

10. The effectiveness of this Stipulation is conditional upon Court approval.

IT IS SO AGREED AND APPROVED AS TO FORM AND CONTENT:

Dated: February    , 2008

John M. Kvartek (FL Bar No. 044563)
Keith L. Bell (FL Bar No. 573809)
CLARK, PARTINGTON, HART, LARRY,
BOND & STACKHOUSE
125 West Romana Street, Suite 800
Pensacola, Florida 32502-5856
Telephone: (850) 434-9200
Facsimile: (850) 432-7340
E-mail: jkvartek@cphlaw.com
E-mail: kbell@cphlaw.com

and

Dated: February  1 , 2008

Jeffrey M. Chebot (PA Bar No. 33430)
WHITEMAN, BANKES & CHEBOT, LLC
Suite 1300, Constitution Place
325 Chestnut Street
Philadelphia, Pennsylvania 19106-2614
Telephone: (215) 829-0014
Facsimile: (215) 829-0059
E-mail: jchebot@wbc-lawyers.com

Attorneys for Plaintiff

Dated: February    , 2008

Gilbert L. Fontenot, Esquire
(AL Bar No. 6641-T61G)
MAPLES & FONTENOT, LLP
803 Government Street, Suite D
Mobile, AL 36602
Mailing Address:
P.O. Box 1281
Mobile, AL 36633
Telephone: (251) 432-2629
Facsimile: (251) 432-3629
E-mail: guslf100@aol.com
Attorneys for Defendants

6

the unpaid non-PACA portion of Riverwood's claim, without interest, within ninety (90) days of the entry of this Final Consent Judgment.

10. The effectiveness of this Stipulation is conditional upon Court approval.

IT IS SO AGREED AND APPROVED AS TO FORM AND CONTENT:

Dated: February     , 2008

    John M. Kvartek (FL Bar No. 044563)
    Keith L. Bell (FL Bar No. 573809)
    CLARK, PARTINGTON, HART, LARRY,
    BOND & STACKHOUSE
    125 West Romana Street, Suite 800
    Pensacola, Florida 32502-5856
    Telephone: (850) 434-9200
    Facsimile: (850) 432-7340
    E-mail: jkvartek@cphlaw.com
    E-mail: kbell@cphlaw.com

and

Dated: February     , 2008

    Jeffrey M. Chebot (PA Bar No. 33430)
    WHITEMAN, BANKES & CHEBOT, LLC
    Suite 1300, Constitution Place
    325 Chestnut Street
    Philadelphia, Pennsylvania 19106-2614
    Telephone: (215) 829-0014
    Facsimile: (215) 829-0059
    E-mail: jchebot@wbc-lawyers.com

Attorneys for Plaintiff

Dated: February     , 2008

    Gilbert L. Fontenot, Esquire
    (AL Bar No. 6641-T61G)
    MAPLES & FONTENOT, LLP
    803 Government Street, Suite D
    Mobile, AL 36602
    Mailing Address:
    P.O. Box 1281
    Mobile, AL 36633
    Telephone: (251) 432-2629
    Facsimile: (251) 432-3629
    E-mail: guslf100@aol.com
    Attorneys for Defendants

## ORDER

HAVING REVIEWED AND CONSIDERED the foregoing Final Consent Judgment, Permanent Injunction Stipulation ("Stipulation") for judgment against defendants Emerald Coast Finest Produce of Mobile, LLC, Emerald Coast Finest Produce Co., Inc., Preston W. Thompson, Connie D. Thompson and Sharon L. Thompson, and it appearing to the satisfaction of the Court that judgment and injunctive relief in accordance with the terms of the Stipulation should be entered,

IT IS ORDERED that the Stipulation is approved in its entirety and that judgment and permanent injunctive relief as stated therein is entered against defendants Emerald Coast Finest Produce of Mobile, LLC, Emerald Coast Finest Produce Co., Inc., Preston W. Thompson, Connie D. Thompson and Sharon L. Thompson.

Dated: **5 Feb**, 2008

LACEY A. COLLIER,
SENIOR UNITED STATES DISTRICT JUDGE

7